```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DIANA MAY,<br><br>      Plaintiff,<br><br>  v.<br><br>THE BOROUGH OF PINE HILL, FRED COSTANTINO, and JOHN KEARNEY,<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-2628<br>      (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

Richard F. Klineburger, III
38 Haddon Avenue
Suite 100
Haddonfield, NJ 08033
    Counsel for Plaintiff

BROWN & CONNERY, LLP
By: Christine P. O'Hearn
36 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    This action arises out of Plaintiff Diana May's allegations of sexual harassment by Defendants Fred Costantino and John Kearney (the "Individual Defendants") and of retaliatory dismissal by the Individual Defendants and Defendant The Borough of Pine Hill ("Pine Hill").[1]  Plaintiff asserts against all

---

[1] The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

1

Defendants claims of sexual harassment under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-12(A), (Count One), breach of implied covenant of good faith (Count Three), intentional infliction of emotional distress (Count Four), negligence (Count Five), violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1, et seq. (Count Six), violation of N.J.S.A. § 40A:9-145.8 (Count Seven), violation of federal employee rights (Count Eight), and defamation (Count Ten).  Plaintiff also brings a claim of breach of employment contract against Defendant Pine Hill alone (Count Two).[2]

Defendants move to dismiss Count One as to Defendant Kearney, and Counts Two, Three, Four, Five, Seven and Ten in their entirety, pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons stated herein, Defendants' Motion will be granted.

I.

The facts outlined below and relied upon by the Court when deciding the instant Motion were alleged by Plaintiff in the Complaint.

Plaintiff was appointed as a tax collector for Pine Hill in 1991.  (Complaint ¶ 11).  She was an unclassified civil servant and had received tenure.  (*Id.*)  In January 2007, Defendant Kearney was appointed to serve as the solicitor of Pine Hill, and

---

[2] Plaintiff's Complaint does not include a Count Nine.

2

reappointed to that position in January 2008 and again in January 2009. (*Id*. at 13)  Defendant Costantino was elected as mayor of Pine Hill on November 6, 2007. (*Id*. at 12)

Plaintiff alleges that she was sexually harassed by both Defendants Costantino and Kearney.  The alleged harassment by Defendant Costantino occurred between November 2007 and August 2009. (*Id*. at 14) Plaintiff alleges that Defendant Costantino made sexual advances and sexually explicit comments towards her on multiple occasions during this period, as well as made sexually inappropriate comments about Plaintiff to co-workers while in Plaintiff's presence.  (*Id*.)  Defendant Costantino allegedly warned Plaintiff that "she should get used to this type of conduct on a continuous basis."  (*Id.*)  Plaintiff further alleges that when Defendant Costantino realized she would not welcome his advances, he "began to engage in a course of conduct which made it difficult, if not impossible for her to perform her duties" and caused her anguish which required medical treatment. (*Id.*)

The entirety of the alleged harassment by Defendant Kearney occurred in November 2007, when Defendant Kearney allegedly made sexually explicit comments towards Plaintiff at a meal while on a business trip in Atlantic City, New Jersey.  (*Id.* at 15)

In addition to the sexual harassment, Plaintiff alleges that throughout 2008 and 2009 Defendant Kearney was "improperly and

3

illegally" vacating judgments on properties in Pine Hill, and selling those properties to a personal acquaintance rather than putting them up for public auction. (*Id*. at 17). When Plaintiff confronted Defendant Kearney about these transactions, Defendant Kearney allegedly warned Plaintiff that "she better follow his instructions and keep these activities quiet if she wanted to keep her employment. . . ." (*Id*. at 18) When Plaintiff told Defendant Costantino about the transactions, Defendant Costantino allegedly made a similar warning to Plaintiff. (*Id.* at 19)

In August 2009, Defendant Pine Hill filed criminal charges against Plaintiff.[3] (*Id.* at 21) Plaintiff was also told not to return to work at that time, and has not received any salary or benefits since then. (*Id.*)

On December 14, 2009, Defendant Pine Hill filed a complaint against Plaintiff with the Director of the Division of Local Services. (Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Pl.'s Opp.) p. 3) The New Jersey Office of Administrative Law was designated to adjudicate the matter. (*Id.*)[4]

---

[3] Plaintiff was charged under N.J.S.A. § 2C:21-4(a) with falsifying or tampering with records for submitting false records related to continuing education courses. Plaintiff does not specify the status of the charges, although Defendants claim they are still pending. (Defendants' Brief in Support of Motion to Dismiss (Def. Brief) p. 3)

[4] Defendants also claim that Plaintiff filed an appeal from her removal with the New Jersey Department of Community Affairs

Plaintiff initiated this action by filing her Complaint in the Superior Court of New Jersey, Law Division, Camden County, on April 23, 2010.

On May 21, 2010, Defendants filed a Notice of Removal with the Court. On June 4, 2010, Defendants filed the present Motion to Dismiss.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.

---

which has been referred to the New Jersey Office of Administrative Law for a hearing. (Def. Brief p. 1-2)

5

*Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

### A.

Defendants first argue that Plaintiff's claims of sexual harassment by Defendant Kearney must be dismissed because they are time-barred.

It is undisputed that there is a two year statute of limitations for claims under the NJLAD. *See Montells v. Haynes*, 133 N.J. 282, 292 (1993). The "continuing violation theory" serves as an exception to the statute of limitations when an individual experiences a continual, cumulative pattern of

tortious conduct.  *Roa v. Roa*, 200 N.J. 555, 566 (2010).  Under the continuing violation theory, the statute of limitations does not begin to run until the wrongful action ceases.  *Id.*

In *Shepherd v. Hunterdon Developmental Ctr.*, the New Jersey Supreme Court adopted the following test to determine if alleged harassment rises to the level of being a continual, cumulative pattern of tortious conduct:

> First, have plaintiffs alleged one or more discrete acts of discriminatory conduct by defendants? If yes, then their cause of action would have accrued on the day on which those individual acts occurred.  Second, have plaintiffs alleged a pattern or series of acts, any one of which may not be actionable as a discrete act, but when viewed cumulatively constitute a hostile work environment? If yes, then their cause of action would have accrued on the date on which the last act occurred, notwithstanding that some of the component acts of the hostile work environment [occurred] outside the statutory time period.

174 N.J. 1, 21 (2002).

Plaintiff filed her complaint in April 2010.  The entirety of the alleged sexual harassment by Defendant Kearney occurred at a single meal in November 2007, more than two years prior to April 2010 and outside the statute of limitations period.  The comments made by Defendant Kearney do not rise to the level of being a pattern or series of harassment because they consist of only one discreet instance of harassment.[5]  Plaintiff's claims

---

[5] Although Plaintiff alleges that her retaliatory dismissal, which occurred in August 2009, was part of the pattern or series of harassment, the retaliation was almost two years later and

against Defendant Kearney in Count One are therefore time-barred, and Count One of the Complaint must be dismissed as to Defendant Kearney.[6]

**B.**

Defendants next argue that Plaintiff's allegations of breach of employment contract against Defendant Pine Hill (Count Two) and breach of the implied covenant of good faith against all Defendants (Count Three) must be dismissed for failure to state a claim upon which relief may be granted because there was no contract between the parties.[7]

---

there have been no facts plead to indicate that the dismissal was connected to the harassment. Even if Plaintiff were to prevail in her claim of retaliation against Defendant Kearney, such relief would be granted under Count Six, Plaintiff's CEPA claim, and not Count One.

[6] Plaintiff also claims that a "Charge of Discrimination" she filed on October 29, 2009 with the Equal Employment Opportunity Commission ("EEOC") should serve to toll the statute of limitations. The Charge of Discrimination, though, was not filed with the New Jersey Division on Civil Rights ("NJDCR") within 180 days of the alleged harassment, as is required under the NJLAD. *See* N.J.S.A. § 10:5-18. Even had the Charge of Discrimination been timely filed with the correct department, it does not specify any instances of harassment by Defendant Kearney. Without such specification, the allegations in the Complaint against Defendant Kearney cannot be considered to be fairly within the scope of the Charge of Discrimination, *see Moss v. Potter*, 2007 WL 2900551, at *2 (3d Cir. Oct. 3, 2007), and the Charge of Discrimination did not serve to toll the statute of limitations with regard to the allegations of sexual harassment by Defendant Kearney.

[7] Plaintiff does not specify which contract the covenant of good faith is implied to be a part. The Court will assume that the alleged employment contract complained of in Count Two is the contract to which Plaintiff is referring in Count Three, the

In order for a breach of contract claim to succeed, there must be a valid and binding contractual relationship between the parties.  *See National Util. Serv., Inc. V. Chesapeake Corp.*, 45 F. Supp. 2d 438, 448 (D.N.J. 1999).  Similarly, a claim for breach of the implied covenant of good faith is treated as a breach of contract claim, *see Bishop v. Inacom, Inc.*, 1999 WL 1416919, *11 (D.N.J. Dec. 1, 1999), and therefore requires a valid and binding contractual relationship between the parties.

Plaintiff alleges that there was an oral employment contract between herself and Pine Hill which was memorialized through her employee handbook and New Jersey statute. (Complaint ¶ 37) The Court disagrees.

The alleged contract between Plaintiff and Defendant Pine Hill was never memorialized as asserted by Plaintiff.  An employee handbook may serve to memorialize a contract between employer and employee, *Woolley v. Hoffmann-La Roche*, 99 N.J. 284, 297-98 (1985), but no contract will be implied if an employee handbook has an effective disclaimer, *Nicosia v. Wakefern Food Corp.*, 136 N.J. 401, 412 (1994).  An effective disclaimer provides "adequate notice to an employee that she or he is employed only at will and is subject to termination without

---

existence of which is denied by Defendants.

9

cause." *Id.*[8]

The employee handbook at issue has multiple disclaimers. On its introductory page, the handbook reads: "Neither this handbook nor any other Borough of Pine Hill document, confers any contract right, either express or implied, to remain in the Borough of Pine Hill' [sic] employment." (Exhibit B-1 to Defendants' Motion to Dismiss) On the next page, in all bold, capital letters, the employee handbook reads: "Neither this manual nor any other guidelines, policies or practices create an employment contract. The Borough of Pine Hill has the right, with or without notice, in an individual case or generally, to change any of its guidelines, policies, practices, working conditions or benefits at any time. . . . Employment with the Borough of Pine Hill is at-will and may be terminated at any time with or without cause or notice by the employee or the Borough of Pine Hill." (*Id.*)

It is clear as a matter of law that these are effective disclaimers which provide adequate notice to employees that they are employed only at will and are subject to termination without cause. *See Nicosia*, 136 N.J. at 416 (2002)(the effectiveness of a disclaimer can be resolved by the court as a question of law when the disclaimer is clear and uncontroverted). Because of

---

[8] The Court may look to the employee handbook because a document integral to or explicitly relied upon in the complaint may be considered without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

these effective disclaimers, the employee handbook did not memorialize the alleged oral employment contract between Plaintiff and Defendant Pine Hill.

Plaintiff further contends that the oral employment contract between Plaintiff and Defendant Pine Hill was memorialized in N.J.S.A. § 40A:9-145. Because § 40A:9-145 is a statute passed by the New Jersey legislature and not in any way a contract between Defendant Pine Hill and Plaintiff, it is clear that this statute does not memorialize the alleged contract between Plaintiff and Defendant Pine Hill.

Even without memorialization, an oral contract for employment may be enforceable, so long as the parties "specifically and definitely" express an intent to make such a contract, and the parties provide "sufficient consideration separate and apart from the willingness to work." *Martin v. Port Auth. Transit Corp.*, 2010 U.S. Dist. LEXIS 29522, *11 (D.N.J. Mar. 25, 2010)(internal citations omitted). A forbearance, such as forgoing the opportunity to pursue other employment, is insufficient as a matter of law to constitute valid consideration in the context of an oral employment agreement. *Id.* Plaintiff alleges that the contract was "made with the expectation that the [P]laintiff would rely" on the definite promise of employment, (Complaint at 37), but specifies no consideration on her part separate and apart from her willingness to work for Pine Hill.

Therefore, as a matter of law, there was no oral employment agreement between Plaintiff and Defendant Pine Hill.

Plaintiff has not alleged adequate facts from which this Court may infer there was a contract between Plaintiff and Defendant Pine Hill.  Because there was no such contract, Counts Two and Three fail to state a claim upon which relief may be granted and will be dismissed.

### C.

Defendants next argue that Counts Four, Five and Ten, which allege intentional infliction of emotional distress, negligence and defamation, respectively, should be dismissed as a matter of law because Plaintiff failed to file a notice of tort claim.

N.J.S.A. § 59:8-8(a) mandates that a tort-claimant "shall be forever barred from recovering against a public entity or public employee if. . . [h]e failed to file his claim with the public entity within 90 days of accrual of his claim. . . ." N.J.S.A. § 59:8-8(a).  The statute also provides for an extension of this period to one year, so long as there is no prejudice to the alleged tortfeasor.  N.J.S.A. § 59:8-9.

Plaintiff admits that she did not file a notice of tort claim as required by statute, either within 90 days or 1 year of accrual of her claim.  (Pl.'s Opp. at 11)

New Jersey courts may invoke the doctrine of "substantial compliance" to prevent § 59:8-8(a) from barring claims based on

12

mere technicalities.  Courts have adopted a five-part test to determine substantial compliance.  The claimant must show "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute." *Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 151 (2003)(internal quotations omitted).

Here, Plaintiff has not substantially complied with the notice requirements under New Jersey Law.  She has failed to show that she took any steps to comply with the statute or that she generally complied with the purpose of the statute, and has not provided a reasonable explanation why there was not strict compliance.[9]

Plaintiff was required to provide notice of her claims under Counts Four, Five and Ten.[10]  Because Plaintiff failed to provide

---

[9] Plaintiff argues that the Charge of Discrimination filed with the EEOC satisfies the substantial compliance requirements. *See supra* n. 6.  The Charge of Discrimination does not include allegations of intentional infliction of emotional distress, negligence or defamation, and therefore cannot be considered reasonable notice under the substantial compliance test.

[10] Plaintiff argues that even if her tort claim against Defendant Pine Hill fails for failure to provide notice, no tort claim notice was required as to the Individual Defendants.  The notice requirement applies not just to public entities, but to public employees as well.  N.J.S.A. § 59:8-8(a). An employee is defined as "an officer, employee, or servant, whether or not

such notice or substantially comply with the notice requirements, Counts Four, Five and Ten will be dismissed.

**D.**

Finally, Defendants move to dismiss Count Seven of Plaintiff's complaint.  Count Seven alleges that Defendants did not follow the procedures of N.J.S.A. § 40A:9-145.8 in removing Plaintiff from her tenured position of tax collector.

Section 40A:9-145.8 reads, in part, that a tenured tax collector "shall not be removed [from office] for political reasons but only for good cause shown and after a proper hearing before the director or his designee."  The statue further reads:

> The removal of a municipal tax collector shall be only upon a written complaint setting forth with specificity the charge or charges against him. The complaint shall be filed with the municipal clerk and the director and a certified copy thereof shall be served upon the person so charged, with notice of a designated hearing date before the director or his designee, which shall be not less than 30 days nor more than 60 days from the date of service of the complaint. Such date may be extended by the Superior Court for good cause shown upon the application of either party. The person so charged and the complainant shall have the right to be represented by counsel and the power to subpoena witnesses and documentary evidence together with discovery proceedings. The provisions of this section shall apply to every person actually in office as tax

---

compensated or part-time, who is authorized to perform any act or service; provided, however, that the term does not include an independent contractor."  N.J.S.A. § 59:1-3.  Defendant Costantino was the mayor of Pine Hill and Defendant John Kearney was its solicitor.  Both of the Individual Defendants fall within the definition of employees of Pine Hill because they were officers of Pine Hill authorized to perform acts and services, and the notice requirement applies to them.

>     collector or performing the duties of tax collector
>     whether or not in the classified service under Title
>     11A, Civil Service, of the New Jersey Statutes.

Defendants argue that § 40A:9-145.8 does not create a private right of action for displaced tax collectors to bring suits against municipalities.

The Court agrees with Defendants' argument and will dismiss Count Seven of Plaintiff's complaint.  The plain text of the statute does not include a private right of action, and the Court need not read into the statute a private right of action because there is already a statutory scheme to provide relief for violations of § 40A:9-145.8.

Under N.J.S.A. § 40A:9-22.11, the discipline of a tenured tax collector who is a civil servant, such as Plaintiff, is subject to the provisions of Title 11A of the New Jersey Statutes.  Title 11A sets forth, amongst other things, the procedural requirements for removal hearings and any appeals thereof.  N.J.S.A. § 11A:2-13 et seq.  After exhausting the administrative process, a civil servant may bring an action to appeal the final decision of the proceedings in New Jersey Superior Court.  New Jersey Court Rule 2:2-3(a)(2).  Plaintiff's administrative process is on-going.  *See supra* p. 4.

Because Plaintiff has administrative protections under New Jersey statute and the ability to appeal the result of such procedures to New Jersey courts, the Court will not read into

§ 40A:9-145.8 a private right of action, and Count Seven will be dismissed for failure to state a claim upon which relief may be granted.

### IV.

Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) will be granted in full, Count One of the Complaint will be dismissed as to Defendant Kearney, and Counts Two, Three, Four, Five, Seven and Ten of the Complaint will be dismissed in their entirety.  Following entry of this Court's Order, the only counts remaining in the Complaint will be the sexual harassments claims against Defendants Costantino and Pine Hill in Count One, the retaliation claim under CEPA against all Defendants in Count Six, and the violation of federal employee rights against all Defendants in Count Eight.

The Court also finds that Count Eight of the Complaint is vague and ambiguous.  Although Plaintiff alleges that Defendants "failed to follow the proper procedures with regard to the Federal Employee Retirement Security Act of 1974. . . and the Federal Consolidated Omnibus Budget Reconciliation Act of 1985. . .," Plaintiff does not include any factual allegations to support this contention.  Pursuant to Fed. R. Civ. P. 12(e), the Court will order Plaintiff to amend her Complaint within 30 days to

include factual allegations to support the claims contained in Count Eight.

An appropriate Order accompanies this Opinion.

Date: December 17, 2010

                                        <u>s/ Joseph E. Irenas       </u>
                                        JOSEPH E. IRENAS, S.U.S.D.J.