UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIANA MAY,

       Plaintiff,

   v.

THE BOROUGH OF PINE HILL, et al.,

       Defendant.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 10-2628
(JEI/KMW)

**OPINION**

**APPEARANCES:**

KLINEBURGER & NUSSEY
Richard F. Klineburger, III
38 North Haddon Avenue
Haddonfield, NJ 08033
    Counsel for Plaintiff

BROWN & CONNERY, LLP
Christine P. O'Hearn
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
    Counsel for Defendants

**Irenas**, Senior District Judge:

    This action arises out of Plaintiff Diana May's allegations of sexual harassment and retaliatory dismissal against Defendants Fred Costantino, John Kearney, and the Borough of Pine Hill.  Presently before the Court are Defendants' Motion for Reconsideration and Defendants' Motion to Dismiss for Lack of Jurisdiction.  For the reasons listed below, Defendants'

1

Motion for Reconsideration will be granted, but the Court will affirm its denial of summary judgment with respect to May's claim against Defendants Costantino and Pine Hill under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. §§ 34:12-1 to -14.  Defendants' Motion to Dismiss will be denied.

## I.

The relevant facts are set forth more fully in this Court's prior opinion at *May v. Borough of Pine Hill*, No. 10-2628, 2012 WL 3276914, at *1-3 (D.N.J. Aug. 9, 2012).  Thus, the Court will recount only the background necessary for disposition of the instant motions.

In its opinion dated August 9, 2012, this Court denied summary judgment for Defendants on two counts:  (1) May's CEPA claim against Defendants Costantino and Pine Hill and (2) May's claim pursuant to the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann. §§ 10:5-1 to -49.  In reaching its decision on May's CEPA claim, the Court found that May had presented a prima facie case against Defendants Costantino and Pine Hill under CEPA's burden-shifting framework.  *May*, 2012 WL 3276914, at *6.  Defendants contended that they had a valid nondiscriminatory reason for terminating May, namely that she failed to attend six continuing education classes at the 2008

Spring Conference of the Tax Collector and Treasurers'
Association of New Jersey ("TCTANJ") where she had represented
to Defendants that she had attended those classes.  *Id.*

This Court rejected Defendants' reason on three grounds.
First, in her deposition, May testified that she had in fact
attended the classes but had failed to register her attendance
because she was unfamiliar with the new registration technology.
The Court found that her testimony created a material issue of
fact that rendered summary judgment inappropriate.  *Id.*  Second,
the Court relied on the Initial Decision of Administrative Law
Judge Lisa James-Beaver, who found that "Defendants wrongfully
terminated Plaintiff without pay."  *Id.* at *7.  Finally, the
Court noted that the New Jersey Department of Community Affairs
("NJDCA") "evidently did not find the pending criminal charges
troubling as they renewed Ms. May's tax collector license in
2010."  *Id.*

The Court further held that even if Defendants had
presented a valid nondiscriminatory reason for May's
termination, May had still proffered evidence from which a
reasonable jury could find that Defendants' reason for
termination was merely pretextual.  *Id.*  The Court found that
denial of summary judgment with respect to Defendants Costantino
and Pine Hill therefore was appropriate but granted summary
judgment for Defendant Kearney.  The Court went on to deny

3

summary judgment for Defendants on May's LAD claim. *Id.* at *8. However, the Court granted summary judgment in favor of Defendants on May's claim pursuant to the Federal Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1166. *May*, 2012 WL 3276914, at *8. May's COBRA claim was the only federal law claim in this matter.

On August 23, 2012, Defendants filed this Motion for Reconsideration of this Court's denial of summary judgment on May's CEPA claim with respect to Defendant Costantino and Pine Hill. (Dkt. No. 40) Defendants then filed the instant Motion to Dismiss on August 24, 2012. (Dkt. No. 41)

## II.

### A.

Local Rule 7.1(i) governs motions for reconsideration. "[A] motion for reconsideration is an extremely limited procedural vehicle." *Resorts Int'l v. Great Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). As such, these motions may raise only matters that the party believes "were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). A party may not raise for the first time on a motion for reconsideration

4

an argument that it could have raised in its original papers.
*Id.*

A motion for reconsideration may be granted only on the
ground that (1) an intervening change in the controlling law has
occurred; (2) evidence not previously available has become
available; or (3) that vacating the Order is necessary to
correct a clear error of law or manifest injustice. *North River
Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.
1995). A ruling suffers from clear error where the record
cannot support the findings that led to that ruling. *United
States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008) (citing
*Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)).

**B.**

Defendants make several arguments in their Motion for
Reconsideration. First, Defendants argue that the New Jersey
Supreme Court's decision in *Winters v. North Hudson Regional
Fire & Rescue*, 50 A.3d 649 (N.J. 2012), is an intervening change
in the controlling law. They urge the Court to find that, under
*Winters*, May is precluded not only from litigating the issue of
wrongful discharge, but also from bringing her CEPA retaliation
claim in its entirety. Defendants further argue that it was
clear error for this Court to rely upon Judge James-Beaver's
March 2012 Initial Judgment rather than the June 4, 2012 Final

Decision of the Director of the Division of Local Government Services of the NJDCA ("Director").  They also contend that the Court should consider new evidence in the form of the New Jersey Local Finance Board's affirmation of the June 4, 2012 Final Decision.  Finally, Defendants claim that the Court committed clear error in relying upon May's deposition testimony to find a factual dispute where issue preclusion applies and the NJDCA's renewal of May's tax collector license.

### 1.

Defendants argue that the New Jersey Supreme Court's recent decision in *Winters v. North Hudson Regional Fire & Rescue*, 50 A.3d 649 (N.J. 2012), is an intervening change of law that prevents May from litigating her CEPA claim in this Court.  In *Winters*, the New Jersey Supreme Court held that if a public employee raises a retaliation claim during an administrative hearing held to determine whether that employee's discharge or discipline was proper, then that employee is precluded from bringing a separate retaliation claim in later litigation.  *Id.* at 652.  The employee, Winters, explicitly raised retaliation as a defense during his administrative hearing and made clear that he intended retaliation to be a central part of his case.  But during the proceedings, Winters chose not to present his retaliation case fully and instead brought a separate lawsuit

against his employer in state court after the close of the
administrative hearing.  *Id.* at 652-53, 661.  Accordingly, the
New Jersey Supreme Court held that, in those circumstances,
Winters could not bring a separate CEPA action.  The Court
stated,

> Winters cannot take advantage of his own tactic of
> throttling back on his claim of retaliation in the
> administrative proceeding after having initially raised it.
> Retaliation was a central theme of his argument and that he
> chose not to present there his comprehensive proof of that
> claim does not afford him a second bite at the apple in
> this matter.

*Id.* at 661.  Defendants ask the Court to find that, under
*Winters*, May is precluded from bringing her CEPA claim because
she raised a retaliation claim during the proceedings before
Judge Lisa James-Beaver.  The Court will not do so.

Unlike the employee in *Winters*, May did not make
retaliation a central part of her defense during her
administrative hearing.  Although Defendants have pointed to
several instances in the hearing proceedings that suggest a
retaliation theme (Defs.' Supp. Br. 3-4), there is nothing in
the record to suggest that May asked the ALJ to rule on the
question of retaliation, nor did she ever make an explicit
retaliation argument.  Neither did May raise a retaliation
defense then fail to fully litigate it as Winters did.  While
May included elements of retaliation in her arguments during the
administrative hearing, the Court is reluctant to find that her

claim is precluded where retaliation was not the central element of her defense.   Indeed, the *Winters* Court was careful to note its "clear understanding of the important public policy enshrined in CEPA, which [its] holding [wa]s not intended, in any way, to denigrate."   *Id.*   This Court cannot see how barring May's CEPA claim on this record would further CEPA's public policy goals.   As such, the Court will not hold that May's CEPA is claim precluded.

## 2.

Defendants also argue that the Court committed clear error in relying upon the ruling in Judge James-Beaver's Initial Decision that May was entitled to back pay because her removal by Pine Hill was procedurally deficient.   Defendants contend that the Court instead should have relied on the June 4, 2012 Final Decision of the Director, Thomas Neff.   In that decision, the Director affirmed Judge James-Beaver's holding that Pine Hill had good cause for removing May but overturned Judge James-Beaver's ruling that May was entitled to back pay.   Director Neff held that although Pine Hill should have afforded May a hearing before suspending her, "any defect in the statutory process ha[d] been cured, and May's rights under the statute ha[d] been vindicated, with the presentation of the charges and the hearing" before Judge James-Beaver.   (Defs.' Ex. A 3)

8

After reviewing Director Neff's Final Decision, the Court agrees that it cannot base its summary judgment decision on Judge James-Beaver's Initial Decision.  Not only did Director Neff overturn Judge James-Beaver's ruling on the issue of back pay, but he also explicitly held that any procedural defect that formed the basis of May's back pay claim was cured.  Finally, the New Jersey Local Finance Board, which is the highest body to which May could appeal this decision, affirmed Director Neff's decision on July 11, 2012, after the parties had completed briefing on the summary judgment motion.  (Defs.' Exs. B, C, & D)  Thus, the highest administrative authority agreed that May was removed for good cause and that the procedural defects in her removal had been cured.  As such, the Court will withdraw the second reason given in its August 9, 2012 opinion for rejecting Defendants' nondiscriminatory reason.

### 3.

Defendants next argue that the Court committed clear error in relying upon both the fact that the NJDCA renewed her tax collector's license in 2010 and May's deposition testimony that she actually attended classes at the TCTANJ Spring 2008 conference.

With respect to the NJDCA's renewal of May's license, Defendants claim that the Court's reliance was in error because

the Director stated that the renewal was irrelevant to the
question of whether May made false statements in her
recertification application.  The Director also stated that the
NJDCA had reserved action on May's certification pending the
completion of all administrative hearings.  (Defs.' Br. 9)

The Court is not persuaded by Defendants' arguments
regarding the NJDCA's renewal of May's license.  First, while
Director Neff did state in his decision that the status of May's
license was "irrelevant to the question of her guilt on the
disciplinary removal charges" (D.'s Ex. A 3), this Court is not
obligated to arrive at the same conclusion on the different
question of whether Defendants have presented a nonretaliatory
reason for May's discharge.  Second, although Director Neff
stated that the NJDCA "determined not to take any action
concerning [May's] certification" until the hearings were
resolved (*id.*), the fact remains that the NJDCA renewed May's
license on December 31, 2010, during the pendency of the
administrative hearings.  That license was current through
December 31, 2012.  Thus, the Court finds that there was
sufficient record evidence for the Court to rely on the renewal
of May's license.

Regarding May's deposition testimony, Defendants contend
that the question of whether May attended six classes at the
TCTANJ 2008 Spring Conference was fully litigated during the

proceedings before Judge James-Beaver and that May therefore is precluded from relitigating that issue before this Court. However, the Court need not decide whether its reliance on May's deposition testimony constitutes clear error, as Defendants may not raise their issue preclusion argument for the first time in this Motion for Reconsideration. *Bowers*, 130 F. Supp. 2d at 613. Defendants were aware of Judge James-Beaver's decision when they filed their moving papers and had Director Neff's Final Decision when they filed their reply brief. Neither brief makes any argument regarding issue preclusion. As Defendants could have argued issue preclusion in those briefs but did not do so, they may not raise that argument now.[1]

Furthermore, even if the Court's reliance on these facts constituted clear error, that finding would not change the outcome of this Court's August 9, 2012 opinion. In that opinion, the Court held that May had presented sufficient evidence for a reasonable jury to find that Defendants' proffered nonretaliatory reason was merely pretext for terminating May.[2] That holding would be unaffected by any finding of clear error. As the Court noted, Mayor Costantino

---

[1] The Court makes no ruling on the merits of Defendants' issue preclusion argument and notes that they are not prevented from raising this argument during later proceedings.

[2] In her briefing, May incorrectly states that the Court "found that Defendants' asserted reason for May's termination was mere pretext for discrimination." (P.'s Br. in Opp. 13)  In fact, the Court made no ruling on whether Defendants' reason was actually pretextual.  It simply held that a reasonable jury could find pretext.

11

had no statutory authority to remove May from her position without a hearing, and he easily could have discovered that he had no procedural basis for removing May.  Director Neff's finding that the procedural defect was cured due to the hearing before Judge James-Beaver does not change the fact that the original removal process was procedurally flawed.  Thus, a reasonable jury could still find that Mayor Costantino used May's alleged misrepresentation of her attendance at the 2008 conference as pretext to terminate her.  As such, the Court will affirm its denial of summary judgment as to May's CEPA claim against Defendants Costantino and Pine Hill.

## III.

Defendants have also moved to dismiss or, in the alternative, remand this case pursuant to 28 U.S.C. § 1367(c)(3).  That statute provides that a federal district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3). "The decision to retain or decline jurisdiction over state-law claims is discretionary."  *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).  In determining whether to retain jurisdiction, a court should consider "principles of judicial economy,

convenience, fairness, and comity." *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 283 (3d Cir. 2010).

Retaining jurisdiction of the remaining claims best serves these principles.  This case is ready for trial pending the completion of pretrial proceedings.  Dismissing the case at this late stage of litigation and forcing May to start from the beginning in state court would be both inefficient and inconvenient.

In addition, this Court has already addressed the state-law claims in its August 9, 2012 summary judgment opinion. Dismissing the case now would allow the parties to file summary judgment motions on the same claims in state court.  *See, e.g.*, *Estate of Nicolas v. Ocean Plaza Condo. Ass'n, Inc.*, 909 A.2d 1144, 1148 (N.J. Super. 2006) (reciting procedural history of a case where, following remand from a Third Circuit decision that reversed a grant of summary judgment for the defendants, the district court dismissed the state claim pursuant to 28 U.S.C. § 1367(c)(3), and the defendants immediately filed a summary judgment motion on the same claim in state court).  Allowing the parties to relitigate these issues in state court would cut against principles of judicial economy and fairness.  Further, as Defendants admit, "remanding this case may somewhat delay the resolution of the claims" (Defs.' Br. 6) in a case that is already close to three years old.  In sum, the interests of

13

judicial economy, convenience, and fairness weigh heavily in favor of this Court exercising its discretion to retain jurisdiction, which it will do.

### IV.

For the foregoing reasons, Defendants' Motion for Reconsideration will be granted to the extent that the first full paragraph on page 16 of the Court's August 9, 2012, which relied on certain findings in Judge James-Beaver's Initial Decision, will be withdrawn.  However, the Court affirms its prior denial of summary judgment on Plaintiff's CEPA claim with respect to Defendants Costantino and Pine Hill.  Defendants' Motion to Dismiss will be denied.  An appropriate Order accompanies this Opinion.

Date:  February 22, 2013


    /s/ Joseph E. Irenas _____

    **Joseph E. Irenas, S.U.S.D.J.**

14